STEVEN W. PITE (CA SBN 157537)
DAVID E. McALLISTER (CA SBN 185831)
JOHN B. ACIERNO III (CA SBN 257176)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92117-0933
Telephone: (619) 590-1300
Facsimile: (619) 590-1385

Attorneys for U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES OOMC 2006-HE5

E-FILED ON September 2, 2009

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>CHARLIE O. AGUILUZ,<br><br>Debtor(s). | Case No. 1:09-bk-19622-MT<br><br>Chapter 13<br><br>OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN<br><br>341(a) MEETING:<br>DATE: September 9, 2009<br>TIME:<br>PLACE:<br><br>CONFIRMATION HEARING:<br>DATE: October 13, 2009<br>TIME: 9:30 a.m.<br>CTRM: 302 |

U.S. Bank, National Association, as Trustee for the Certificateholders of Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2006-HE5 (hereinafter "Creditor"), secured creditor of the above-entitled Debtor, Charlie O. Aguiluz (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. The basis of the objection is stated below:

/././

/././

/././

# I.

# **STATEMENT OF FACTS**

1.  On or about April 19, 2006, Debtor and Diana Aguiluz (collectively, the "Borrowers"), for valuable consideration, made, executed and delivered to Preferred Mortgage Solutions ("Lender") a Promissory Note in the principal sum of $540,600.00 (the "Note"). Pursuant to the Note, Borrowers are obligated to make monthly principal and interest payments. A true and correct copy of the Note is attached hereto as exhibit A and incorporated herein by reference.

2.  On or about April 19, 2006, Borrowers made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 40456 Esperanza Way, Palmdale, California 93551 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on April 28, 2006, in the official records of the Los Angeles County Recorder's office. A true and correct copy of the Deed of Trust is attached hereto as exhibit B and incorporated herein by reference. Thereafter, Debtor defaulted with payments under the Note and is contractually due for July 1, 2009.

3.  Subsequently, all right, title and interest under the Note and Deed of Trust was assigned to Creditor. A true and correct copy of the Corporation Assignment of Deed of Trust is attached hereto as exhibit C and incorporated herein by reference.

4.  On or about July 30, 2009, Debtor filed a Chapter 13 bankruptcy petition. Debtor's Chapter 13 Plan provides for payments to the Trustee in the sum of $375.00 per month for sixty (60) months. However, the Debtor's Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears.

5.  The pre-petition arrearage on Creditor's secured claim is in the sum of $3,865.55. A true and correct copy of Creditor's Proof of Claim is attached hereto as exhibit D and incorporated herein by reference.

6.  Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $64.00 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

/././

Creditor now objects to the Chapter 13 Plan filed herein by the Debtor.

## II.

## ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

A. **DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

The amount of arrearage in Debtor's Chapter 13 Plan is incorrect. The pre-petition arrears specified in the Chapter 13 Plan are $0.00. The actual pre-petition arrears equal $3,865.55, based on Creditor's Proof of Claim. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

B. **PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtor will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $64.00 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

/./././
/./././
/./././
/./././
/./././
/./././
/./././
/./././
/./././

1     WHEREFORE, Creditor respectfully requests:

2     1.     That confirmation of the Debtor's Chapter 13 Plan be denied;

3     2.     That Debtor's case be dismissed;

4     3.     Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding 60 months; and

6     4.     For such other and further relief as this Court deems just and proper.

                                  Respectfully submitted,

Dated   September 2, 2009                 PITE DUNCAN, LLP

/s/ John B. Acierno III (CA SBN 257176)
JOHN B. ACIERNO III
Attorneys for U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF ASSET BACKED SECURITIES CORPORATION HOME EQUITY LOAN TRUST, SERIES OOMC 2006-HE5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

The foregoing document described OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 2, 2009 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On September 2, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

Honorable Maureen Tighe
U.S. Bankruptcy Court
21041 Burbank Blvd., Suite 325
Woodland Hills, CA 91367-6606

James G. Beirne
Law Offices of James G Beirne
520 E Wilson Ave Ste110
Glendale, CA 91206-4374

Charlie O. Aguiluz
40456 Esperanza Way
Palmdale, CA 93551

Elizabeth (SV) Rojas
Noble Professional Center
15060 Ventura Boulevard, Suite 240
Sherman Oaks, CA 91403

Diana Aguiluz
40456 Esperanza Way
Palmdale, CA 93551

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 2, 2009 | Michael W. Leewright | /s/ MICHAEL W. LEEWRIGHT |
|---|---|---|
| Date | Type Name | Signature |